**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **JAHRAEL MUNIZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**BEALLS, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 2:26-cv-2756**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **JAHRAEL MUNIZ** ("MUNIZ" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act, as amended ("ADAAA"), and the Florida Civil Rights Act ("FCRA") for: (1) disability discrimination in violation of the ADAAA; (2) disability discrimination in violation of the FCRA; (3) retaliation in violation of the ADAAA; and (4) retaliation in violation of the FCRA.

## PARTIES

2. Plaintiff, JAHRAEL MUNIZ, is an individual and a resident of Florida who at all material times was employed by Defendant.

3. Defendant, BEALLS, INC. ("BEALLS" or "Defendant"), is an employer conducting business in Fort Myers, Lee County, Florida.

4. Defendant employed Plaintiff at its Fort Myers, Florida location.

5. At all material times, Defendant employed the requisite number of employees to be covered by the ADAAA and the FCRA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Middle District of Florida because Plaintiff worked for Defendant in Lee County, Florida, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division because Lee County is within the Fort Myers Division.

9. Plaintiff timely filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and the

Florida Commission on Human Relations. The EEOC Charge was assigned Charge No. 510-2025-09166.

10. Plaintiff has exhausted his administrative remedies. Plaintiff received his Notice of Right to Sue from the EEOC on July 20, 2026, and this action is timely filed.

## GENERAL ALLEGATIONS

11. Plaintiff began working for Defendant in or around February 2024.

12. Plaintiff worked as a supervisor at Defendant's Fort Myers location and was scheduled to work approximately forty hours per week.

13. Plaintiff was paid approximately $15.50 per hour.

14. Plaintiff performed his job duties satisfactorily and was qualified for his position.

15. Plaintiff did not receive negative feedback, performance reviews, bonuses, or promotions during his employment.

### Plaintiff's Disability

16. On or about July 16, 2024, Plaintiff was diagnosed with Stage 4 Hodgkin's Lymphoma.

17. Hodgkin's Lymphoma is a serious medical condition and physical impairment affecting major bodily functions, including, but not limited to, the immune system, normal cell growth, and related bodily functions.

18. Plaintiff's condition substantially limited one or more major life activities and major bodily functions, including working, caring for himself during treatment, and the operation of his immune system and normal cell growth.

19. Plaintiff's condition required chemotherapy treatment.

20. Before his first chemotherapy appointment on or about August 16, 2024, Plaintiff had multiple conversations with his store manager about whether he could continue working his forty-hour schedule.

21. Plaintiff explained to his store manager that he would try to continue working but might need to call out if he felt sick, and that he would provide proper notice so Defendant could find coverage.

22. Defendant was aware of Plaintiff's disability and need for accommodation.

23. Plaintiff was disabled within the meaning of the ADAAA and the FCRA because he had an impairment that substantially limited one or more major life activities and major bodily functions, and Defendant regarded him as having such an impairment.

**Accommodation Request and Denial**

24. Plaintiff needed leave or time off for days when he was too sick after chemotherapy to attend work.

25. On or about August 27, 2024, Plaintiff asked his store manager to speak with Human Resources about the possibility of leave.

26. Plaintiff's store manager told him she would speak with Human Resources and then sent Plaintiff a picture of what Human Resources said.

27. Human Resources stated that Plaintiff did not qualify for FMLA or short-term disability because he was a new hire.

28. Although Plaintiff requested leave, Defendant denied the request on the stated basis that Plaintiff had not been employed long enough.

29. Defendant failed to engage in a good-faith interactive process to determine whether Plaintiff could be reasonably accommodated.

30. Defendant failed to consider reasonable accommodations, including temporary leave, intermittent leave, schedule adjustments, or other accommodations that would have allowed Plaintiff to continue his employment while undergoing treatment.

31. Between August 12 and August 27, 2024, Plaintiff called out approximately five to six times due to hives on his face, and each time he gave advance notice.

32. Plaintiff told his manager about missing work because of his chemotherapy-related illness, and his manager became upset and told him they needed to talk when he returned to work.

33. On or about August 20, 2024, Plaintiff's store manager told him they needed to have a conversation about his call-outs.

**Termination**

34. On August 28, 2024, Plaintiff received a text from the store manager stating that he needed to return his keys.

35. On or about August 28, 2024, Defendant's store manager texted Plaintiff and asked him to turn in his store keys to another store.

36. After Plaintiff returned his keys, Defendant never scheduled him again.

37. Defendant never expressly told Plaintiff he was terminated, but he was removed from the schedule and not permitted to continue working.

38. Plaintiff's separation date was September 4, 2024.

39. Plaintiff's termination occurred shortly after Defendant learned of his Stage 4 Hodgkin's Lymphoma diagnosis, shortly after he began chemotherapy, shortly after he requested leave, and shortly after he missed work because of symptoms and treatment-related illness.

40. Defendant terminated Plaintiff because of his disability, his need for accommodation, and/or his request for leave.

41. Defendant's stated reasons for denying leave and removing Plaintiff from work were pretextual because Defendant treated Plaintiff's need

for medical leave as a basis to end his employment rather than engaging in an interactive process or considering reasonable accommodations.

42. Plaintiff filed a Charge of Discrimination alleging disability discrimination under the Americans with Disabilities Act of 1990, as amended, and applicable state statutes.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED (DISABILITY DISCRIMINATION)

43. Plaintiff incorporates by reference Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. Plaintiff was an employee and Defendant was his employer covered by and within the meaning of the ADAAA.

45. Plaintiff had a disability within the meaning of the ADAAA.

46. Plaintiff was diagnosed with Stage 4 Hodgkin's Lymphoma, a serious medical condition that substantially limited one or more major life activities and major bodily functions.

47. Plaintiff was a qualified individual with a disability because, with or without reasonable accommodation, he could perform the essential functions of his position.

48. Defendant knew of Plaintiff's disability.

49. Plaintiff requested reasonable accommodation, including leave or time off related to chemotherapy and his serious medical condition.

50. Defendant denied Plaintiff's request for accommodation and failed to engage in a good-faith interactive process.

51. Defendant discriminated against Plaintiff because of his disability by denying reasonable accommodation, refusing to permit leave, removing him from the schedule, requiring him to return his keys, and terminating his employment.

52. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost employment income, lost fringe benefits, loss of employment opportunities, humiliation, emotional distress, inconvenience, and other damages.

54. Plaintiff has exhausted his administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation Plaintiff would have received had he maintained his position with Defendant, plus interest;

ii. Front pay, including benefits, insurance costs, and other employment-related benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court deems just and proper.

**COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (DISABILITY DISCRIMINATION)**

55. Plaintiff incorporates by reference Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

56. Plaintiff was an employee and Defendant was his employer covered by and within the meaning of the FCRA.

57. Plaintiff had a disability within the meaning of the FCRA.

58. Plaintiff was a qualified individual with a disability because, with or without reasonable accommodation, he could perform the essential functions of his position.

59. Defendant knew of Plaintiff's disability and need for accommodation.

60. Defendant discriminated against Plaintiff because of his disability by denying reasonable accommodation, refusing to permit leave, removing him

from the schedule, requiring him to return his keys, and terminating his employment.

61. Defendant conducted itself with malice or reckless indifference to Plaintiff's rights under Florida law.

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost employment income, lost fringe benefits, loss of employment opportunities, humiliation, emotional distress, inconvenience, and other damages.

63. Plaintiff has exhausted his administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation Plaintiff would have received had he maintained his position with Defendant, plus interest;

ii. Front pay, including benefits, insurance costs, and other employment-related benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court deems just and proper.

## COUNT III - VIOLATION OF THE ADAAA (RETALIATION)

64. Plaintiff incorporates by reference Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

65. Plaintiff engaged in protected activity under the ADAAA by informing Defendant of his disability, requesting leave, requesting accommodation, and seeking assistance from Human Resources regarding medical leave.

66. Defendant knew of Plaintiff's protected activity.

67. Plaintiff suffered adverse employment actions after engaging in protected activity, including the denial of leave, removal from the schedule, the demand that he return his keys, and termination of his employment.

68. The adverse employment actions were causally connected to Plaintiff's protected activity because they occurred shortly after Plaintiff disclosed his serious medical condition, began chemotherapy, requested leave, and missed work for disability-related reasons.

69. Defendant's acts, failures to act, practices, and policies constitute retaliation in violation of the ADAAA.

70. Plaintiff's protected activity was the but-for cause of Defendant's adverse employment actions against him.

71. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

72. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost employment income, lost fringe benefits, loss of employment opportunities, humiliation, emotional distress, inconvenience, and other damages.

73. Plaintiff has exhausted his administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation Plaintiff would have received had he maintained his position with Defendant, plus interest;

ii. Front pay, including benefits, insurance costs, and other employment-related benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court deems just and proper.

**COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)**

74. Plaintiff incorporates by reference Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

75. Plaintiff engaged in protected activity under the FCRA by informing Defendant of his disability, requesting leave, requesting accommodation, and seeking assistance from Human Resources regarding medical leave.

76. Defendant knew of Plaintiff's protected activity.

77. Plaintiff suffered adverse employment actions after engaging in protected activity, including the denial of leave, removal from the schedule, the demand that he return his keys, and termination of his employment.

78. The adverse employment actions were causally connected to Plaintiff's protected activity because they occurred shortly after Plaintiff disclosed his serious medical condition, began chemotherapy, requested leave, and missed work for disability-related reasons.

79. Defendant's acts, failures to act, practices, and policies constitute retaliation in violation of the FCRA.

80. Plaintiff's protected activity was the but-for cause of Defendant's adverse employment actions against him.

81. Defendant conducted itself with malice or reckless indifference to Plaintiff's rights under Florida law.

82. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including, but not limited to, lost employment income, lost fringe benefits, loss of employment opportunities, humiliation, emotional distress, inconvenience, and other damages.

83. Plaintiff has exhausted his administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation Plaintiff would have received had he maintained his position with Defendant, plus interest;

ii. Front pay, including benefits, insurance costs, and other employment-related benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees and costs;

v. Compensatory damages;

vi. Punitive damages; and

vii. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 7, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com